PROSKAUER ROSE LLP
Gregg M. Mashberg
Charles S. Sims
David A. Munkittrick
11 Times Square
New York, New York 10036
(212) 969-3000
*Attorneys for Defendants-Appellees*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

_____

YEHUDA KATZ,

          Plaintiff-Appellant,

  - against -                        Docket No. 15-464

THE DONNA KARAN COMPANY LLC
et al.,

          Defendants-Appellees.

_____

**OPPOSITION TO APPELLANT'S MOTION TO HOLD APPEAL IN ABEYANCE AND CROSS MOTION FOR APPEAL TO BE HEARD IN TANDEM WITH PENDING APPEAL**

# FED. R. APP. P. 26.1 CORPORATE DISCLOSURE STATEMENT

Defendants-Appellees The Donna Karan Company LLC, The Donna Karan Company Store LLC, and Donna Karan International Inc. (collectively, "DK") hereby make the following disclosure pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure:

LVMH Moët Hennessy - Louis Vuitton SE, a publicly traded company, is the ultimate parent company of Donna Karan International Inc., which is the parent company of both The Donna Karan Company LLC and The Donna Karan Company Store LLC. There are no other publicly held corporations that own 10% or more of the stock of any of the Defendants-Appellees.

# ARGUMENT

Appellees DK oppose Plaintiff-Appellant's Motion to Hold Appeal in Abeyance, and cross move for this appeal to be heard in tandem with the pending appeal in *Crupar-Weinmann v. Paris Baguette America, Inc.*, No. 14-3709 (2d Cir.). *Crupar-Weinmann* presents similar issues to this appeal, but presents facts that differ in at least one important respect. The panel's consideration of the legal issues presented would be greatly aided by exposure to the differing fact patterns. DK therefore respectfully requests this appeal be assigned to the same panel as *Crupar-Weinmann,* so that the two may be heard and decided in tandem.

In the event his motion for an abeyance is denied, plaintiff does not oppose this request, and Appellee's counsel in *Crupar-Weinmann* consents.

## I. This Appeal Should Not Be Held in Abeyance

Plaintiff argues his appeal should be held in abeyance because, he claims, a decision in *Crupar-Weinmann* would be "dispositive." Pl. Mot. at 3, 5. But while a number of the issues on appeal are similar, and the parties are likely to cite many of the same cases in briefing, the factual allegations underlying the motions to dismiss in the two actions are sufficiently different that one case may not be dispositive of the other. Moreover, the Court would benefit by deciding the issues presented in light of both factual records.

The appeals from the dismissals in both *Crupar-Weinmann* and this case require construction of the same statutory provision, but that construction will be informed by and grounded in the factual allegations presented in each complaint. On each appeal, the question will be whether the factual allegations are sufficient to permit the litigations to proceed, and specifically whether, by alleging nothing more than a defendant's actual or constructive knowledge of a statute, a plaintiff thereby sufficiently alleges that any violation of the statute is willful.

The statute at issue, the Fair and Accurate Credit Transactions Act ("FACTA"), requires retailers to redact from receipts the expiration date and all but the last five digits of a credit card number. 15 U.S.C. § 1681c(g)(1). Congress provided for two different levels of available damages. If a violation is "willful," a plaintiff is entitled to statutory damages, 15 U.S.C. § 1681n(a), but if a violation is merely negligent, a plaintiff is entitled to actual damages and nothing more, 15 U.S.C. § 1681o. The plaintiffs in both *Crupar-Weinmann* and this case assert that they have sufficiently alleged a willful violation (without any allegation of actual damages), and both complaints were dismissed for failure to adequately allege willfulness.[1]

---

[1] Plaintiff seems to argue the District Court dismissed his complaint solely in reliance on *Crupar-Weinmann*. Pl. Mot. at 3. But the court below cited *Crupar-Weinmann* in only one paragraph of its opinion, and even then with the signal "see." There is no reason to doubt that the court relied as well on the many other

The underlying allegations in the complaints, however, are not identical and there is at least one significant difference. While DK believes that the dismissals in both actions were correct, the differences in the factual allegations strongly militate in favor of argument in tandem, so that the panel will be presented with a broad range of factual allegations. This will assist the panel in construing the application of FACTA in the absence of any factual allegation of actual damage, harm, or risk of identity theft, and in deciding whether the pleadings are actionable.

In *Crupar-Weinmann*, plaintiff alleges that defendant Paris Baguette redacted 13 of 16 digits of her credit card number but did not redact the credit card expiration date on a receipt. *See Crupar-Weinmann*, Joint Appendix at 21; *id.* at 7 ¶ 2. By contrast, Katz asserts that DK failed to redact only the first six digits of the credit card number, which in fact identify not the cardholder plaintiff but only the issuing financial institution and are publicly available on multiple websites. Compl. ¶ 30, *Katz. v. The Donna Karan Company LLC*, No. 14-cv-00740, ECF 20 (S.D.N.Y.); Mot. Dismiss at 6, *Katz*, No. 14-cv-00740, ECF 32 (citing websites).

The first six digits of a credit card number do nothing more than identify the credit card issuer, such as a bank. *See* Mot. Dismiss at 5, *Katz*, No. 14-cv-00740, ECF 32. The first six digits of U.S. credit cards are publicly distributed on

---

cases cited to it that dismissed insufficiently pleaded FACTA willfulness claims. *Katz v. The Donna Karan Company LLC*, 2015 U.S. Dist. LEXIS 11536 (S.D.N.Y. Jan. 30, 2015).

industry standard fraud prevention websites that help retailers validate credit card transactions. *Id.* at 6. *Crupar-Weinmann* alleges the defendant failed to redact a single piece of information unique to the credit card holder (which itself is insufficient, without more, for any aspiring identity thief to cause harm). But *Katz* alleges even less – that DK left unredacted numbers unique to *a bank*, which are already matters of public knowledge and do nothing to identify the consumer. Katz's complaint alleges no disclosure of credit card digits whose disclosure is prohibited by FACTA that would personally identify Katz.

The nature of the truncation in Katz's case is relevant to the legal question of whether plaintiff has adequately alleged willfulness rather than, at best, negligence. This is because a failure to redact only digits that are not personally identifiable to plaintiff might be considered, for that very reason, to sound in negligence rather than a willful FACTA violation. That plaintiff's complaint alleges no prohibited publication of personally identifiable information presents a different fact pattern than the one in *Crupar-Weinmann*, which involves an allegation of failure to redact an expiration date. Although, as noted, DK believes both cases were properly dismissed, this factual variance may be of interest to the panel in assessing the legal issues presented in both cases.

In short, the cases raise similar legal issues, even if perhaps not identical ones, and the Court's consideration of whether the allegations in each case are

sufficient to permit further litigation would be aided by consideration of the varying fact patterns in tandem, rather than seriatim. Abeyance would thus be inappropriate, would only delay adjudication of this appeal, would be an inefficient use of judicial resources, and would deprive the panel of a broad range of factual scenarios that would aid its construction of FACTA and resolution of both appeals.

## II. This Appeal Should Be Assigned to the Same Panel as *Crupar-Weinmann*

Placing the two appeals before the same panel would conserve judicial resources and best position the Court to determine, in the broadest factual context, what constitutes a sufficient pleading of a willful FACTA violation that could entitle plaintiff to seek enormous statutory damages.

The two appeals are already on similar tracks. Appellant's brief in *Crupar-Weinmann* was filed on January 14, 2015, and appellee's brief is scheduled for April 15, 2015, with a reply brief due April 29, 2015. L.R. 31.2(a)(2). Under the current schedule, briefing in *Katz* will be complete on May 22, 2015, within one month of *Crupar-Weinmann*.

Given the proximity of the briefing schedules, and the interrelated yet distinct issues on appeal, these appeals should be heard by the same panel, in the interests of justice and efficiency. It would serve efficiency because the briefs in both cases are likely to cite many of the same cases, and only one panel need familiarize itself with them. Assignment to the same panel would serve the

interests of justice because contemporaneous briefing and argument would allow a panel to render opinions that take into account both the similarities and differences of the cases, and avoid any inconsistencies or incompatibilities that might otherwise arise if the cases were decided separately.

## CONCLUSION

For the reasons stated above, and with the consent of the *Crupar-Weinmann* appellee, Defendants-Appellees respectfully request that the Court assign this appeal to the same panel as *Crupar-Weinmann v. Paris Baguette America, Inc.*, No. 14-3709 (2d Cir.). Accordingly, Defendants-Appellees also request that the Court deny Plaintiff-Appellant's request for an abeyance. In the event that the motion for an abeyance is denied, Plaintiff-Appellant does not oppose – and the Appellees in both cases support – the request to hear this appeal in tandem with *Crupar-Weinmann*.

| | |
|---|---|
| New York, New York<br>March 17, 2015 | PROSKAUER ROSE LLP<br><br>*/s/ Gregg M. Mashberg*<br>Gregg M. Mashberg<br>Charles S. Sims<br>David A. Munkittrick<br>11 Times Square<br>New York, New York 10036<br>(212) 969-3000<br><br>*Attorneys for Defendants-Appellees* |

# CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2015, I caused to be served by ECF a copy of Defendants-Appellees' Opposition to Appellant's Motion to Hold Appeal in Abeyance and Cross Motion for Appeal to be Heard in Tandem with Pending Appeal on counsel of record for Plaintiff-Appellant.

*/s/ David A. Munkittrick*
David A. Munkittrick
Proskauer Rose LLP
11 Times Square
New York, New York 10036
(212) 969-3000

*Attorney for Defendants-Appellees*